UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cr-20122-BLOOM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

XAVIER LATRELL SMITH,
JAYLA DENICE WELCH,

       Defendants.

_____/

## ORDER ON DEFENDANTS' JOINT MOTION TO COMPEL DISCLOSURE OF VICTIM'S NAME, DATE OF BIRTH, AND CRIMINAL HISTORY

**THIS CAUSE** is before the Court on the Defendants Xavier Latrell Smith and Jayla Denice Welch ("Defendants") Joint Motion to Compel Disclosure of Victim's Name, Date of Birth, and Criminal History, ("Motion") ECF No. [75]. The Government filed a Response, ECF No. [93], and Defendants filed a Reply, ECF No. [100]. The Court has considered the Motion, the Government's Response, the Defendants' Reply, the record and applicable law, and is otherwise fully advised. Defendants' Motion is granted.

## I.    BACKGROUND

Defendants are charged by Indictment with Conspiracy to Commit Sex Trafficking (Count I), Sex Trafficking of a Minor (Count II), Transporting a Minor to Engage in Sexual Activity (Count III), Coercion and Enticement of a Minor to Engage in Sexual Activity (Count IV), Commission of Sex Offense by Registered Sex Offender (Smith) (Counts V and VI). *See* ECF No.

CASE NO. 23-20122-CR-BLOOM

[3]. Separate Arraignments were held for the Defendants on April 7, 2023, and June 13, 2023, ordering all parties to comply with Local Rule 88.10 (Criminal Discovery). ECF Nos. [11], [34]. The Standing Orders advised the parties that upon a properly filed Motion, the Court could order that responsive discovery or inspection be "denied, restricted, or deferred." *Id.*

On April 21, 2023, and June 26, 2023, this Court entered Protective Orders to protect the Minor Victim from any public, or general disclosures. *See* ECF Nos. [20], [38]. Provisions in the Protective Orders include: Counsels for both parties shall not provide materials subject to the standing order to any person unless provide by the Order or with prior Court approval; Defendants may only possess Confidential materials in the presence of their counsel and as necessary to prepare for the case; counsel for both parties shall only refer to the victim as "Minor Victim" in any public filing or under seal; counsel for the Defendants must ensure that they or any necessary third party that obtains access also receive a copy of this Court's Protective Order; counsel for both parties must destroy or cause to be destroyed all copies of materials responsive to this standing order. *Id.*

The Defendants now seeks an Order from this Court requiring the Government to disclose the victim's name, date of birth, and criminal history. The Defendants assert this information is material to prepare their defenses, complete their independent due diligence investigations, and otherwise adequately prepare for trial. *Id.* at 1. Defendants argue that *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), Local Rule 88.10(o)(2), the Federal Rules of Criminal Procedure, and the Fifth and the Sixth Amendments to the United States Constitution support their Motion. *Id.* at 2-3.

2

CASE NO. 23-20122-CR-BLOOM

The Government responds that Defendant's Motion should be denied because the Defendants are not entitled to Minor Victim's identity at this stage of the proceedings and neither the United States Constitution nor Rule 16 require the Government to disclose said information.

## II.    LEGAL STANDARD

Rule 16 of the Federal Rules of Criminal Procedure "is the primary rule governing pretrial discovery in criminal cases, and it 'spells out the materials the prosecution must produce on the defendant's request.'" *United States v. Russell*, No. 22-20348, 2022 WL 17736195, at *1 (S.D. Fla. Dec. 17, 2022) (quoting *United States v. Jordan*, 316 F.3d 1215, 1249 (11th Cir. 2003)). In addition to the discovery obligations embodied by Rule 16, a criminal defendant's due process rights obligate the prosecution to disclose information that is favorable to the defendant and that is material either to guilt or to punishment. *Brady v. Maryland*, 83 S. Ct. 1194 (1963).

Favorable evidence for *Brady* purposes includes both exculpatory and impeachment evidence. *See Giglio v. United States,* 92 S. Ct. 763 (1972); *Jordan*, 316 F.3d at 1253. But mere "favorableness" to the defendant is not enough to qualify for *Brady* protections—the information must also be material. Evidence "is material as long as there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *United States v. Lloyd*, 992 F.2d 348, 351 (D.C.Cir.1993).

In *Giglio v. U.S.*, 405 U.S. 150 (1972), the Supreme Court extended *Brady* to disclosure of impeachment material. *U.S. v. Singleton*, No. 22-14048, 2023 WL 2164588, at *3 (S.D. Fla. Feb. 13, 2023). *See Jordan*, 316 F.3d at 1253. Under *Giglio*, "[w]hen the reliability of a given witness may well be determinative of guilt or innocence, nondisclosure of evidence affecting credibility"

3

justifies a new trial. *Giglio*, 405 U.S. at 153-54. The difference between *Brady* material and *Giglio* material is that *Brady* information is exculpatory, meaning it "relates to evidence which directly tends to lessen a defendant's guilt," while *Giglio* material is impeaching, meaning that it relates to "witness credibility type evidence of a collateral nature... indirectly making it less likely that the defendant is guilty." *U.S. v. Hopkins*, 2008 WL 4453583, at *2 (E.D. Cal. Oct. 3, 2008). The purpose of *Giglio* and its progeny is "to insure that the jury knows the facts that might motivate a witness in giving testimony." *Brown v. Wainwright*, 785 F.2d 1457, 1465 (11th Cir.1986) (quoting *Smith v. Kemp*, 715 F.2d 1459, 1467 (11th Cir.), cert. denied, 464 U.S. 1003, 104 S.Ct. 510, 78 L.Ed.2d 699 (1983)).

## III.    DISCUSSION

Defendants assert that due process requires certain evidence be disclosed, specifically exculpatory evidence. *Brady* 373 U.S. at 87. Moreover, Local Rule 88.10(o)(2) requires that "[d]iscovery which is to be made in connection with trial shall be made not later than fourteen (14) days after the arraignment, or such other time as ordered by the court." *Id*. Defendants asserts that this includes identification of any government witnesses, promises of immunity, preferential treatment, or other inducements falling within *Giglio* 405 U.S. 250, as embedded in Local Rule 88.10(d). In support, Defendants cite to *Roviaro v. U.S.*, 353 U.S. 53 (1957), that there is "no fixed rule with respect to disclosure" rather, balance must be struck between "the public interest [] against the individual's right to prepare his defense." *Id*. at 629. The circumstances of the case, possible defenses, etc., are among the "relevant factors" that may be involved in the balancing test. *Id*. One of the relevant factors is "the possible significance of the informer's testimony." *Id*. Defendants claim that here, Minor Victim is highly significant to this case, and therefore

4

CASE NO. 23-20122-CR-BLOOM

Defendants are likely more entitled to the disclosure of her identity. ECF No. [75] at 3. Finally, Defendants' state that the Fifth and Sixth Amendments of the United States Constitution compel disclosure of Minor Victim's identity as it is essential to their defense. ECF No. [75] at 2.

The Government responds that Rule 16 of the Federal Rules of Criminal Procedure does not entitle Defendants to Minor Victim's information. ECF No. [93] at 7. For support, the Government cites to *United States v. Fischel*, 686 F.2d 1082, 1090 (5th Cir. 1982) ("discovery in criminal cases is narrowly limited. . . [with] no provision for the production of [witness] names"); *United States v. Belfast*, No. 06-20758, 2007 WL 9705938 (Apr. 26, 2007) ("[a]lthough [d]efendant may not have the right to a disclosure of alleged victim's identity, [the] district court may compel the Government to identify its witnesses in advance of the trial to ensure the orderly administration of justice.") (citing *United States v. Cannone*, 528 F.2d 296 (2nd Cir. 1976)); and *United States v. Green*, No. 04 CR.424 (RWS), 2004 WL 2985361 (S.D.N.Y. Dec. 23, 2004) ("A district court may compel the government to provide [] a pretrial disclosure of the identity of the government's witness [] in the exercise of the court's discretion" but disclosure "should not be granted unless the defendant makes 'a specific showing that disclosure is both material to the preparation for his defense and reasonable in light of the circumstances'") (citations omitted).

The Government argues that Defendants have failed to make a proper showing to warrant disclosure. ECF No. [93] at 8. The Government attacks Defendants' claim that they cannot adequately prepare their defense because the government has provided "hundreds of pages of materials" yet "much [that] has been made available has yet to be reviewed," thus Defendants' argument is without merit. *Id*. Furthermore much of the evidence is already contained within Defendants' cellular phones. *Id*.

5

CASE NO. 23-20122-CR-BLOOM

The Government also contends that *Roviaro*, 353 U.S. 53 does not require the Government to disclose the requested information. Instead, the Government "has the privilege to withhold from disclosure the identity of persons who furnish information of violations of law" to pertinent law enforcement officials. *Id*. at 60. However, the Government concedes that this privilege is not absolute, noting that if the protected communication does not reveal an identity, or if the identity has already been disclosed, the privilege gives way. *Id*. at 60-61. The Government points out that "relevant factors" in *Roviaro* serve as a balancing test on disclosure of identity. Consequently, the Government reasons that the existence of this balancing test directly contradicts Defendants' assertion that the Government is automatically required to disclose the Minor Victim's identity. ECF No. [93] at 10.

Regarding Local Rule 88.10(o)(2), the Government points out that while the Rule requires that discovery in connection with the trial be made no later than fourteen days after arraignment, the second clause allows for differentiated timing: "or at such other time as ordered by the court." The Government argues that if any information it has is subject to Rule 16, this clause permits withholding the information without running "afoul" of the rule. ECF No. [93] at 12. The Government does not contend that it filed a relevant motion as to Local Rule 88.10, or that this Court made such a ruling.

Regarding Defendants' Constitutional claims, the Government argues that Defendants only make superficial allegations as to Constitutional implications in this case. *Id*. at [13]. The Government argues that as Minor Victim's identity is not exculpatory, constitutional protections are no implicated. *Id*.

6

CASE NO. 23-20122-CR-BLOOM

The Government recognizes that if Minor Victim is called to testify at trial, then her criminal history (if any exists)[1] would be discoverable under *Giglio* 405 U.S. 150 "as materials that could be used to impeach her credibility." *Id.* at 13. Therefore, the Government has agreed to produce such materials three weeks prior to trial. *Id.* Here, the Government distinguishes production timing of impeachment materials from Rule 16 and *Brady* materials, arguing that "pure" *Giglio* materials do not require immediate production, rather, the requirement is a sufficient amount of time for effective use at trial or closer to the time of the witness' testimony. ECF No. [93] at 13. The Government relies on *United States v. Russell*, No. 22-20348, 2022 WL 17736195 (S.D. Fla. Dec. 17, 2022), holding that "the disclosure of 'pure' Giglio materials [] are not set in stone, and that as long as [d]efendant is afforded enough time to use the materials effectively at trial, 'there is no violation of his rights from deferring production of this material until closer to the time of the witnesses' testimony'" (quoting *United States v. Aiken*, 76 F. Supp. 2d 1339, 1344-45 (S.D. Fla 1999)). *See also Aiken*, 76 F. Supp at 1344 (ordering pure impeachment materials on plea and immunity agreements, records of convictions, etc. to be produced within ten business days of that trial and allowing the Government to make a further showing to defer disclosure if needed).

Defendants reply that the Standing Discovery Orders in this case require disclosure, ECF No. [100] at 1, *compare* ECF Nos. [20], [38]. Further the Government's "strained reading" of

---

1 Minor Victim could not have consented to her trafficking. Furthermore, transcripts of the Detention Hearing as to Defendant Welch have on the record alleged that Minor Victim asked Defendant Smith "if she made enough money, whether she would be allowed to go see her family." ECF No. [58] at 8. Furthermore, one of the alleged terms placed upon Minor Victim by Defendants was a requirement that she make one thousand dollars per week with all payments going to defendant Smith. *Id.*

CASE NO. 23-20122-CR-BLOOM

Local Rule 88.10(o)(2) would mean that the Government could simply withhold critical information from Defendants "and await an Order from the Court" whenever they wish. ECF No. [100] at 2. Next, Defendants argue that Minor Victim's identity is not privileged since she had "a role in this case." *Id*. Defendants contend that the Government's reliance on 18 U.S.C. § 3509(d) is misplaced as § 3509(d) provides that information pertaining to a minor victim may be disclosed "to persons, who by reason of their participating in the proceeding, have reason to know such information." *Id*. at 3; *see* 18 U.S.C. § 3509(d)(1)(ii).

Defendants agree with the Government that *Roviaro* requires a balancing test to "determine when the Government's privilege must give way to a defendant's right to prepare his defense." *Id*. at 2. However, Defendants assert that when disclosure is "relevant and helpful to the defense of an accused or is essential to a fair determination of a cause, the privilege must give way." *Roviaro*, 353 U.S. at 628. Further, Defendants argue that *Roviaro* is analogous to this case as the Supreme Court reversed upon a finding that the Government failed to disclose the identity of that informer, who was the soler participant other than that petitioner. *Id*.; *see also* ECF No. [100] at 4.

Defendants also attack the Government's reliance on *United States v. Russell*, 2022 WL 17736915 (S.D. Fla. Dec. 17, 2022) and *United States v. Calderon*, 127 F.3d 1314 (11th Cir. 1997). Defendants argue that *Calderon* is distinguishable. In *Calderon*, the Government did not possess the testimony in question ("there was nothing to provide because the information was not 'in the possession of the United States' within the meaning of 18 U.S.C. § 3500 or Rule 26.2") *Id*. at 1335. In *Russell*, the Government had already "made certain advance disclosures of *Giglio* [] material in response to Defendant's [] requests. . . . [and had] produced the criminal records of the two alleged adult victims, and that a background search on the alleged minor victim did not yield any results.")

8

CASE NO. 23-20122-CR-BLOOM

2022 WL 17736195, at *4. Moreover, in *Russell*, the Government did not have any additional materials responsive to the remaining requests by that defendant. *Id*. Nevertheless, that court noted that the Government must "continue to live up to" its *Brady* obligations. *Id*. at *5.

Finally, Defendants contend that the Government's argument on 18 U.S.C. § 3509, and reliance on *Lewis*, 2017 WL 750456 (S.D. Ga. Feb. 27, 2017) are misplaced. ECF No. [100] at 3. *Lewis* concerned a protective order against disclosure of an alleged minor victim's identity during trial. 2017 WL 750456, at *5. As there are already protective orders in place for Minor Victim, Defendants argue that *Lewis* is unavailing. Defendants did not address the Government's argument that disclosure of Minor Victim's information is not reasonable per § 3509(d). Defendants instead reiterate that § 3509(d) provides that a minor victim's information may be disclosed to persons who have reason to know "by reason of their participation in the proceeding." § 3509(d); *see* ECF No. [100] at 3; *see also* ECF No. [93] at 8. Furthermore, Defendants point out that the protective orders as to Minor Victim's identity satisfy concerns raised regarding § 3509 and *Lewis*. *See* ECF No. [100] at 2; *see* ECF Nos. [20], [38].

The Court finds Defendants' arguments to be persuasive. *Roviaro* imposes a balancing test to determine whether disclosure of privileged information, such as the true identity of an informer, to determine whether that privilege must give way to the fundamental requirements of fairness. Furthermore, the Local Rules dictate that if there are promises of immunity, leniency, or other inducements within the scope of *Giglio*, the Government shall disclose those to the Defendants. L.R. 88.10(d). Correspondingly, the Standing Discovery Orders in this case make clear that "it is the continuing duty of counsel for both sides to immediately reveal [all] material within the scope of Local Rule 88.10." ECF Nos. [11], [34].

9

CASE NO. 23-20122-CR-BLOOM

Finally, Defendants' argument regarding § 3509(d)(1)(A)(ii) is correct. The statutory privacy protections for child victims allows for disclosure of a minor's confidential information only to persons involved in the proceeding who have reason to know of such information. Of note, § 3509(d)(1)(A)(i) requires that even with this limited disclosure, that information must remain confidential, restricted, and secure. The statute, along with the Protective Orders already entered, will also guard Minor Victim from potential embarrassment and harms.

The Government must provide the information requested, specifically the Minor Victim's legal name, date of birth, and criminal history, if any exists.

IV.    **CONCLUSION**

Based on the foregoing, it is **ORDERED AND ADJUDGED** that:

1.  Defendants' Joint Motion to Compel Disclosure of Minor Victim's legal name, date of birth, and criminal history is **GRANTED**;

2.  The Government shall disclose this information to Defendants in compliance with **18 U.S.C. § 3509(d) by December 22, 2023**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 7, 2023

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record

10