UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cr-20122-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

XAVIER LATRELL SMITH,

    Defendant.
_____/

**ORDER ON DEFENDANT'S RENEWED MOTION FOR JUDGMENT OF ACQUITTAL AND ALTERNATIVELY FOR NEW TRIAL**

**THIS CAUSE** is before the Court upon Defendant Xavier Latrell Smith's ("Defendant') Renewed Motion for Judgment of Acquittal and Alternatively, For New Trial ("Motion"), ECF No. [200]. The Government filed a Response in Opposition, ECF No. [214]. The Court has reviewed the Motion, the record in the case, and is otherwise fully advised. For the reasons that follow, Defendant's Motion, ECF No. [200] is denied.

**I.   BACKGROUND**

On March 21, 2023, Defendant[1] was charged by Indictment with six Counts:

Count 1:  Conspiracy to commit sex trafficking, in violation of 18 U.S.C § 1594(c);
Count 2:  Sex trafficking of a minor, in violation of 18 U.S.C § 1591;
Count 3:  Transporting a minor to engage in sexual activity, in violation of 18 U.S.C. § 2423(a);
Count 4:  Coercion and enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b);
Count 5:  Commission of a sex offense by a registered sex offender, in violation of 18 U.S.C. § 2260(A); and

---

[1] Defendant was charged along with Co-defendant Jayla Welch ("Codefendant") on Counts 1-4. Defendant was charged with two additional Counts, commissions of sex offenses by a registered sex offender in Counts 5 and 6 of the Indictment. ECF No. [3] at 4.

> Count 6: Commission of a sex offense by a registered sex offender, in violation of 18 U.S.C. § 2260(A).

*See generally*, ECF No. [3].

The Counts were based upon allegations that Defendant, along with Codefendant, trafficked Minor Victim[2] through Texas, Louisiana, and Florida to engage in commercial sex. Minor Victim's mother reported her as a runaway, and the National Center for Missing and Exploited Children identified Minor Victim through an online sex advertisement. ECF No. [58] at 6. The online advertisements led law enforcement to Minor Victim and led to the arrest of both Defendant and Codefendant. *Id*. at 11.

Defendant proceeded to a trial on all six Counts against him, and on March 8, 2024, the jury returned a verdict of guilty on each of Counts 1-6 as to Defendant. ECF Nos. [169], [174]. Following the jury's verdict, Defendant filed his Motion. ECF No. [200].

Defendant argues acquittal is warranted because (1) the evidence at trial was insufficient to prove Minor Victim was coerced or enticed by Defendant to engage in commercial sex, and (2) no reasonable juror could conclude that the Government met its burden and proved all elements of the six counts against him. ECF No. [200] at 2. For support, Defendant asserts that Minor Victim was already a commercial sex worker when she met Defendant, and it was Minor Victim who wanted to leave Texas for Florida with Defendant and Codefendant. *Id*. at 3. Defendant bases his argument for a new trial on three issues: (1) untimely disclosures by the Government, (2) Defendant's motion for continuance was denied, and (3) it was impossible for the jury to consider

---

[2] On April 21, 2023, and June 26, 2023, this Court entered Protective Orders to protect the Minor Victim from any public, or general disclosures that could identify her. She is referred to as Minor Victim in filings. ECF Nos. [20], [38].

all evidence against Defendant and Codefendant as the deliberations lasted approximately thirty minutes. *Id*. at 3, 6.[3]

Regarding Defendant's argument for acquittal, the Government responds that it presented sufficient evidence for a reasonable jury to have found Defendant guilty at trial on all Counts. ECF No. [214] at 5. The Government reasons Defendant's assertion that Minor Victim was already engaged in commercial sex has no basis in the law and points out that Defendant provides no case law in support of his argument. *Id*. at 7. Next, the Government contends that its disclosures were timely, and the phone extractions — from Defendant's phone — represent the vast majority of the disclosures and were made available on June 28, 2023, giving Defendant five months to prepare for trial. ECF No. [214] at 8. The Government argues Defendant failed to identify any relevant evidence he would have presented at trial had his motion for continuance been granted, which is a sufficient reason to deny the motion. *Id*. The Government also contends the evidence introduced at trial was not complex. *Id*.

## II. LEGAL STANDARD

### A. Motion for Acquittal

Under Rule 29(c) of the Federal Rules of Criminal Procedure, a Defendant may move for a judgment of acquittal after a jury verdict or discharge.

> (1) Time for a Motion. A defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later.
> (2) Ruling on the Motion. If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal. If the jury has failed to return a verdict, the court may enter a judgment of acquittal.
> (3) No Prior Motion Required. A defendant is not required to move for a judgment of acquittal before the court submits the case to the jury as a prerequisite for making

---

[3] Defendant adopts Codefendant's Corrected Motion for New Trial, ECF No. [198]. This Court denied that motion in its Omnibus Order on Defendant's Motion for Judgment of Acquittal and Corrected Motion for a New Trial, ECF No. [245].

such a motion after jury discharge.

Fed. R. Crim. P. 29(c).

When deciding a motion under Rule 29, the district court must determine "whether the evidence, examined in the light most favorable to the Government, was sufficient to support the jury's conclusion that the defendant was guilty beyond a reasonable doubt." *United States v. Williams*, 390 F.3d 1319, 1323-24 (11th Cir. 2004) (citing *United States v. Varkonyi*, 611 F.2d 84, 85-86 (5th Cir. 1980)). A court must "view the evidence in the light most favorable to the prosecution and draw all reasonable inferences and credibility choices in favor of the jury verdict[.]" *United States v. Joseph*, 709 F.3d 1082, 1093 (11th Cir. 20013) (citing *United States v. Tampas*, 493 F.3d 1291, 1297–98 (11th Cir.2007)). Thus, the test is whether a reasonable jury could find, beyond a reasonable doubt, that the defendant is guilty of violating the statutes alleged in the indictment. *United States v. Macko*, 994 F.2d 1526, 1532 (11th Cir. 1993). Applying this test, "[a]ll credibility choices must be made in support of the jury's verdict." *Williams*, 390 F.3d at 1323 (citing *United States v. Gianni*, 678 F.2d 956, 958-59 (11th Cir. 1982) and *United States v. Burns*, 597 F.2d 939, 941 (5th Cir. 1979)).

Because a jury "is free to choose among reasonable constructions of the evidence. . . [i]t is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt." *Williams*, 390 F.3d at 1323-24 (quoting *United States v. Young*, 906 F.2d 615, 618 (11th Cir. 1990); *see United States v. Vera*, 701 F.2d 1349, 1357 (11th Cir. 1983)). "A conviction must be affirmed unless there is no reasonable construction of the evidence from which the jury could have found the defendant guilty beyond a reasonable doubt." *United States v. Ignasiak*, 667 F.3d 1217, 1227 (11th Cir. 2012)

(citation omitted).

### B. Motion for New Trial

Federal Rule of Criminal Procedure 33(a) states that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "'When considering a motion for a new trial, the district court may weigh the evidence and consider the credibility of the witnesses.'" *United States v. Brown*, 934 F.3d 1278, 1297 (11th Cir. 2019) (quoting *United States v. Albury*, 782 F.3d 1285, 1295 (11th Cir. 2015)). "A motion for a new trial based on the weight of the evidence is 'not favored' and is reserved for 'really exceptional cases." *Id.* at 1297 (quoting *United States v. Martinez*, 763 F.2d 1297, 1313 (11th Cir. 1985)). "The court may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable." *Martinez*, 763 F.2d at 1312-13. "[T]o warrant a new trial, the evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *United States v. Witt*, 43 F.4th 1188, 1194 (11th Cir. 2022); *Brown*, 934 F.3d at 1297; *Martinez*, 763 F.2d 1313.

A motion for new trial should be granted "when the verdict is against the clear weight of the evidence or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." *Brown v. Sheriff of Orange Cnty., Fla.*, 604 F. App'x 915 (11th Cir. 2015) (per curiam) (quoting *Lipphardt v. Durango Steakhouse of Brandon, Inc.*, 267 F.3d 1183, 1186 (11th Cir. 2001)). "[G]ranting motions for new trial touches on the trial court's traditional equity power to prevent injustice and the trial judge's duty to guard the integrity and fairness of the proceedings before [her] . . . ." *Sherrod v. Palm Beach Cnty. Sch. Dist.*, 237 F. App'x. 423, 424 (11th Cir. 2007) (quoting *Christopher v. Florida*, 449 F.3d 1360,

5

1366 n. 4 (11th Cir. 2006)). Ultimately, "motions for a new trial are committed to the discretion of the trial court." *Montgomery v. Noga*, 168 F.3d 1282, 1295 (11th Cir. 1999).

### III. DISCUSSION

**A. Defendant's Motion for Judgment of Acquittal**

Defendant moves for acquittal arguing the Government "failed to prove beyond a reasonable doubt, and the evidence was insufficient to prove that [Minor Victim] was coerced or enticed by Defendant Smith to engage in any commercial sex activities." ECF No. [200] at 3. Defendant asserts that Minor Victim was already a commercial sex worker when she met Defendant, Minor Victim wanted to leave Texas, and asked to join Defendant and Codefendant on their interstate trip from Texas to Florida.

The Government responds that Defendant's position is contrary to law and this Court's instruction to the jury that stated, "as a matter of law minors lack the capacity to consent to unlawful sexual conduct." ECF No. [214] at 6. The Government points out that a range of evidence was presented at trial and Defendant failed to support his argument with case law. *Id*. at 6-7.

Examining the evidence "in the light most favorable to the Government," as the Court must in reviewing motions for acquittal under Rule 29, *United States v. Williams*, 390 F.3d 1319 (11th Cir. 2004), the Court finds that the evidence was sufficient to support the jury's conclusion that Defendant was guilty beyond a reasonable doubt. As the Government accurately points out, Defendant's core argument seeking acquittal is that Minor Victim was already a commercial sex worker and that she asked to join Defendant on the interstate trip. That argument is unavailing. *United States v. Wardlow*, 666 Fed. App'x 861 at 864 (11th Cir. 2016) ("as a matter of law minors lack the capacity to consent to unlawful sexual conduct").

Moreover, charges against Defendant were not based upon her joining Defendant on an interstate trip alone. Regarding transportation of Minor Victim, the charge in Count 3 is transporting a minor to engage in sexual activity, in violation of 18 U.S.C. § 2423(a). ECF No. [3]. The Government presented expert testimony to describe the grooming process of commercial sex victims and introduced into evidence messages extracted from Defendant's cellphone to demonstrate the control Defendant exerted over Minor Victim and the money received through the unlawful sex acts. The Government introduced evidence at trial that Minor Victim was advertised for commercial sex on the website, *Megapersonals*, and Defendant's phone number was listed in the ads featuring Minor Victim; his cellphone rang when the number associated with the *Megapersonals* ad was called while his cellphone was in plain view of law enforcement officers. ECF No. [214] at 2. Also introduced at trial were extractions of Defendant's cellphone that the Government conducted pursuant to a search warrant. *Id*. at 3. Evidence obtained through the extraction included messages between Defendant and Minor Victim about the commercial sex activities she was engaged in, a ledger of money received through the commercial sex activities, and additional evidence with respect to the various locations and transactions supporting the charges in this case. Based on the overwhelming evidence presented, it was reasonable for the jury to find Defendant guilty of all Counts. It is well established in the Eleventh Circuit that, "[a] jury is free to choose among reasonable constructions of the evidence." *United States v. Williams*, 390 F.3d 1319, 1323 (11th Cir. 2004). Defendant's Motion fails to demonstrate the absence of a reasonable construction of the evidence presented at trial from which the jury could have found Defendant guilty beyond a reasonable doubt. *United States v. Ignasiak*, 667 F.3d 1217, 1227 (11th Cir. 2012). Accordingly, the Court finds no basis to acquit Defendant.

## B. Defendant's Motion for New Trial

### i. Continuance and Late Disclosures

Defendant argues that a new trial is warranted given the Government's untimely disclosures shortly before trial, and this Court's denial of his motion seeking a continuance to review those untimely disclosures. The Government responds that its disclosures, the majority of which were phone extractions, were already made available to Defendant on June 28, 2023. ECF No. [214] at 7-8. The Government maintains Defendant was prompted to seek a continuance based on disclosure of jail communications which are not discovery responses. *Id*. at 8. The Government contends Defendant failed to meet his burden to show a new trial is warranted because he did not identify any evidence that he would have presented at trial had his continuance been granted. *Id*.

Defendant's argument that a new trial is warranted on this basis is without merit. To prevail, Defendant must show that the denial of a continuance "was an abuse of discretion which resulted in specific substantial prejudice." *United States v. Jeri*, 869 F.3d 1247, 1257 (11th Cir. 2017). A denial of continuance "must be upheld unless the defendant can . . . identify relevant, non-cumulative evidence that would have been presented if [her] request for a continuance had been granted." *Id*. (citing *United States v. Saget*, 991 F.2d 702, 708 (11th Cir. 1993)). In *Saget*, the Eleventh Circuit found no reversible error when the district court denied a motion to continue trial, holding "[i]n the absence of any proffer of additional evidence that would have been presented by [the defendant] if granted a continuance, we cannot find any specific or substantial prejudice arising from the district court's denial of [the] motion for a continuance." 991 F.2d at 708. Defendant fails to make this necessary showing and he is silent as to what, if any, evidence he may have been presented at trial if the continuance his counsel sought on February 28, 2024 was granted.

Defendant argues the Sixth Amendment of the U.S. Constitution guarantees that any person brought to trial has the right to assistance of counsel. Pursuant to *United States v. Verdame*, 51 F.3d 249 (11th Cir. 1995) that right includes "the notion of adequate time for counsel to prepare the defense." *Id*. at 252. Defendant concedes that the supplemental discovery at issue was available to Defendant's counsel. ECF No. [200] at 6. The Government argues that its final response to the standing discovery order was filed on February 27, 2024, which included discovery previously produced. ECF No. [214] at 5. The only new discovery was a recording of Minor Victim's interview which the Government had already provided a summarized report, and a new report summarizing evidence it has provided in earlier disclosures. *Id*.

As Defendant concedes, to prevail on this argument he must identify relevant and non-cumulative evidence he would have introduced at trial. Defendant has failed to do so. Moreover, while Defendant relies on *U.S. v. Verdame* for support, the record in this case is distinguishable. In *Verdame*, the Eleventh Circuit held "that the district court abused its discretion in denying Verdame's several motions for continuance" to review "evidence of extensive and complex financial dealings." 51 F.3d at 252. In contrast, this Court granted numerous prior continuances[4] and Defendant has put forth no argument that the disclosures were of a complex nature.

Moreover, Defendant wrote a letter to this Court, filed on February 16, 2024, that contradicts his argument. ECF No. [122] The letter indicates that Defendant's counsel had already explained that his client "opposed any more continuances" and Defendant told this Court that he was "ready to proceed to trial." *Id*. Defendant also complained that the trial date had already been moved back three times. *Id*. The record shows Defendant actively expressed opposition to further

---

[4] Orders from this Court granting continuances in this case include ECF No. [24] May 24, 2023; ECF No. [36] June 15, 2023; ECF No. [71] September 25, 2023; and ECF No. [102] November 1, 2023.

9

continuances to his counsel, to counsel for Codefendant, and to this Court. Defendant's letter, the numerous continuances already granted, and Defendant's failure to identify any relevant and non-cumulative evidence he would have introduced at trial fail to demonstrate an abuse of discretion which resulted in specific substantial prejudice. Accordingly, Defendant's Motion seeking a new trial based upon denial of the continuance and the purported untimely disclosures is denied.

### ii. The Jury's Deliberations

Defendant argues a new trial is warranted because the jury deliberated for only thirty minutes. ECF No. [200] at 6. Defendant reasons "it would have been impossible" for the jury to consider all the documentary evidence presented during the week-long trial to reach a guilty verdict on all Counts against two Defendants in that amount of time. *Id*. The Government responds that while the conduct was serious, it was not complex, citing phone extractions, surveillance footage, search warrant photographs, business records, commercial sex ads, cash payment on Cash App, and witness testimony. ECF No. [214] at 8.

The Court agrees with the Government. Defendant simply asserts a belief but presents no supporting authority. This Court has held that "a litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point." *Melford v. Kahane & Assocs.*, 371 F. Supp. 3d 1116, 1126 n.4 (S.D. Fla. Apr. 1, 2019) (citing *Phillips v. Hillcrest Medical Center*, 244 F.3d 790, 800 n.10 (10th Cir. 2001)). "[T]he onus is on the parties to formulate arguments." *Id*. (citing *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995)).

"[T]o warrant a new trial, the evidence must preponderate *heavily* against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *United States v. Witt*, 43 F.4th 1188, 1194 (11th Cir. 2022) (emphasis added). Here, Defendant has not argued that the evidence

presented by the Government is against the verdict, let alone that the evidence "heavily preponderates" against the verdict. Defendant simply argues he feels it should have taken longer for the jury to come to its conclusion without attacking the weight of the evidence.

The Eleventh Circuit has held that the grant of "[m]otions for new trials based on weight of the evidence are not favored. Courts are to grant them sparingly and with caution, doing so only in those really 'exceptional cases.'" *U.S. v. Martinez*, 763.F.2d 12978, 1313 (11th Cir. 1985) (citations omitted). A "district court may grant a new trial based on the weight of the evidence. . . in the 'rare' 'case in which the evidence of guilt although legally sufficient is thin and marked by uncertainties and discrepancies.'" *United States v. Brown*, 934 F.3d 1278, 1298 (11th Cir. 2019) (quoting *Butcher v. United States*, 368 F.3d 1290, 1297 n.4 (11th Cir. 2004)). *See U.S. v. Martinez*, 763.F.2d at 1313 ("courts have granted new trial motions based on weight of the evidence only where the credibility of the government's witnesses had been impeached and the government's case had been marked by uncertainties and discrepancies."). Defendant has not made any such argument. Accordingly, Defendant's Motion for a new trial, based upon the jury deliberations, is denied.

IV.  **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [200],** is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 16, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record