UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cr-20122-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

XAVIER LATRELL SMITH,

    Defendant.
_____/

## ORDER ON MOTION FOR BOND PENDING APPEAL

**THIS CAUSE** is before the Court upon Defendant Xavier Latrell Smith's ("Defendant") Motion for Bond Pending Appeal ("Motion"), ECF No. [298]. The Government filed a Response in Opposition ("Response"), ECF No. [303]. The Court has reviewed the Motion, the Response, the record, and is otherwise fully advised. For the reasons that follow, Defendant's Motion is denied.

**I.   BACKGROUND**

On March 21, 2023, Defendant[1] was charged by Indictment with six Counts:

Count 1:  Conspiracy to commit sex trafficking, in violation of 18 U.S.C § 1594(c);
Count 2:  Sex trafficking of a minor, in violation of 18 U.S.C § 1591;
Count 3:  Transporting a minor to engage in sexual activity, in violation of 18 U.S.C. § 2423(a);
Count 4:  Coercion and enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b);
Count 5:  Commission of a sex offense by a registered sex offender, in violation of 18 U.S.C. § 2260(A); and
Count 6:  Commission of a sex offense by a registered sex offender, in violation of 18 U.S.C. § 2260(A).

---

[1] Defendant was charged along with Co-defendant Jayla Welch ("Co-defendant") on Counts 1-4. Defendant was charged with two additional Counts, commissions of sex offenses by a registered sex offender in Counts 5 and 6 of the Indictment. ECF No. [3] at 4.

*See generally*, ECF No. [3].

The Counts were based upon allegations that Defendant, along with Co-defendant, trafficked Minor Victim[2] through Texas, Louisiana, and Florida to engage in commercial sex acts. *Id*. at 3. Minor Victim's mother reported her as a runaway, and the National Center for Missing and Exploited Children identified Minor Victim through online sex advertisements. ECF No. [58] at 6. The online advertisements led law enforcement to Minor Victim and to the arrest of both Defendant and Co-defendant. *Id*. at 11.

Defendant proceeded to trial on all six Counts against him, and on March 8, 2024, the jury returned a verdict of guilty on each of Counts 1 through 6 as to Defendant. ECF Nos. [169], [174]. Defendant was sentenced on August 23, 2024, to a term of 360 months of imprisonment. ECF No. [288], [291]. On September 5, 2024, Defendant filed both the instant Motion, and a Notice of Appeal from the final judgment and sentence entered against him. ECF No. [298], [299].

Defendant seeks release from his incarceration pending his appeal pursuant to 18 U.S.C. § 3143(b). In support of his Motion, Defendant argues release is warranted to allow his participation in the preparation of his appeal, that he is not a flight risk, nor a danger to the community, and that he exhibits no signs of violence. ECF No. [298] at 2.

The Government responds that Defendant cannot meet his burden to establish the elements of 18 U.S.C. § 3143(b)(1) (that he is not a danger to the community nor a flight risk which must be established by clear and convincing evidence, and that his appeal raises substantial questions of law and fact). ECF No. [303] at 2. The Government reasons these failures are a sufficient basis to deny the Motion. *Id*. at 4. Regarding the first element, the Government points

---

[2] On April 21, 2023, and June 26, 2023, this Court entered Protective Orders to protect the Minor Victim from any public, or general disclosures that could identify her. She is referred to as Minor Victim in filings. ECF Nos. [20], [38].

out that the Motion only indicates Defendant has ties to Texas, not the Southern District of Florida. Considering his "significant" sentence of 360 months of imprisonment, those facts do not support a claim that he is not a flight risk. *Id*. With respect to the third element, the Government contends Defendant set forth no evidence of a substantial question of law or fact that he intends to raise on appeal, thus failing to meet his burden. *Id*. at 2.

## II. LEGAL STANDARD

### A. Release or Detention of a Defendant Pending Appeal

Sections 3143(b)(1) and (2) require this Court to release a defendant on bond pending appeal if four conditions are met:

> (1) the defendant is not a flight risk or danger to the community;
> (2) the appeal is not for the purpose of delay; and
> (3) the appeal raises a substantial question of law or fact that
> (4) is likely to result in reversal or a more favorable sentence.
> *See* 18 U.S.C. § 3143(b).[3]

---

[3] The text of the statute states as follows:

(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
  (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
  (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
    (i) reversal,
    (ii) an order for a new trial,
    (iii) a sentence that does not include a term of imprisonment, or
    (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence. (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained.
18 U.S.C. § 3143(b).

A substantial question of law "is a 'close' question or one that very well could be decided the other way." *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985). The Eleventh Circuit has held that the 1984 Bail Act was enacted "so that the conviction is presumed correct and the burden is on the convicted defendant to overcome that presumption." *Id*. at 901 (citation omitted). The burden of establishing *all* factors within 18 U.S.C. § 3143(b) is on the convicted defendant. *Id*.

### III. DISCUSSION

Defendant argues that he is not a danger to the community nor a flight risk if released. ECF No. [298] at 1-2. For support, Defendant notes that he "has a supportive family, his three children and their mother." *Id*. at 2. Defendant contends he is not a danger to the community as his "past criminal record does not include any violent offenses" and that Minor Victim "testified that [Defendant] never hurt or displayed any violent behavior whatsoever." *Id*. at 2. Defendant asserts that on appeal, he "intends to raise various pre-trial and trial issues, including potential constitutional challenges under the Fifth and Sixth Amendments to the United States Constitution." *Id*. at 1.

The Government argues Defendant has failed to establish by clear and convincing that he is not a flight risk nor a danger to any other person or to the community. ECF No. [303] at 3. Instead, Defendant has crimes of conviction that include "attempted sex trafficking, sex trafficking of a minor, transportation of a minor to engage in sexual activity, coercion or enticement of a minor to engage in sexual activity, and commission of a sex offense by a registered sex offender" which all indicate that he is a danger to the "most vulnerable in our community." *Id*. Furthermore, the Government reasons the dangerousness of Defendant's release is bolstered by his prior conviction in 2017 for compelling the prostitution of a 15-year-old minor. *Id*. Although Defendant was sentenced to prison for two years and required to register as a sex offender for that crime, the he

was not deterred from trafficking another minor later. *Id*. The Government contends that Defendant is a risk of flight and nonappearance given his lack of ties to the Southern District of Florida and as his sentence of 360 months of imprisonment is significant, "providing incentive to flee." *Id*. at 3-4.

Moreover, the Government points out that Defendant failed to satisfy the element requiring the appeal raise a "substantial question of law or fact" likely to result in a reduced sentence as he merely asserts an intention to raise various pre-trial and trial issues. *Id*. at 2. That broad statement lacks information to determine whether the appeal raises a substantial question of law or fact. *Id*.

The Court finds that Defendant's Motion must be denied as he fails to meet his burden to establish all factors provided in 18 U.S.C. § 3143(b). *See United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985) ("under the 1984 [Bail] Act, the burden of establishing these factors is on the convicted defendant."). Defendant has not raised any question of law or fact, let alone "a substantial question of law or fact [] likely to result in reversal or a more favorable sentence." *See* § 3143(b). A defendant's failure to "establish that his appeal raises 'substantial' questions of law or fact that are 'likely' to result in one of the enumerated remedies under 18 U.S.C. § 3143" warrants denial. *United States v. Agresti*, Case No. 18-CR-80124-RAR, 2022 WL 2966680, *4 (S.D. Fla. July 27, 2022); *see also United States v. Summers*, Case No. 3:20-cr-48-MMH-PDB, 2022 WL 580726, *1 (M.D. Fla. Feb 25, 2022) (finding denial of a motion for release on bond pending appeal is warranted as "[defendant] has failed to meet the substantial question requirement set forth in 18 U.S.C. § 3143(b)(1) and *Giancola*.").

In *Agresti*, the defendant argued a then-recent decision by the Supreme Court of the United States, *Ruan v. United States*, 597 U.S. 450 (2022), created a substantial question of law or fact as to the theory of prosecution in his case. *Agresti*, 2022 WL 2966680, at *2. However, the district

court determined that the "reasoning and analysis" in *Ruan* was distinguishable from the government's theory at his trial after a review of the expert testimony and jury instructions in his case. *Id*. at *3. Based on its analysis of the holding in *Ruan*, the *Agresti* court determined that no question of fact or law existed and denied his motion seeking bond pending appeal pursuant to § 3143. *Id*.

Similarly in *Summers*, the defendant invoked § 3143(b)(1) when the Eleventh Circuit granted a rehearing *en banc* in a case "involving whether certain conspiracy offenses are 'controlled substance offense[s]' under U.S.S.G. § 4B1.2." *Summers*, 2022 WL 580726, at *2 n.4. The basis of the defendant's appeal was different, and the court denied the defendant's motion for release on bond pending appeal because "the possibility that the Eleventh Circuit's ruling may impact how sentencing guidelines are interpreted in a different context is insufficient to raise a substantial question of law as to the defendant." *Id*. (cleaned up).

However here, Defendant has failed to raise *any* legal question he intends to raise on appeal for this Court to decide whether a substantial question likely to result in reversal or a more favorable sentence pursuant to § 1343(b)(1)(B) exists. As determined in *Giancola*, "a 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." 754 F.2d at 901. Defendant has only stated a general intention to raise pre-trial and trial issues that may involve constitutional questions. That is not enough. Defendant's failure to meet his burden with respect to the "substantial question" requirement set forth in 18 U.S.C. § 3143 is fatal to his Motion.

IV. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Bond Pending Appeal**, ECF No. [298],** is **DENIED**.

Case No. 23-cr-20122-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 5, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record

7