UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cr-20122-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

XAVIER LATRELL SMITH,

    Defendant.
_____/

**ORDER ON EXPEDITED MOTION FOR RECONSIDERATION
FOR RELEASE ON BOND PENDING APPEAL**

**THIS CAUSE** is before the Court upon Defendant Xavier Latrell Smith's ("Defendant") Expedited Motion for Reconsideration for Release on Bond Pending Appeal, ECF No. [331]. The Government did not file a response. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is denied.

**I.   BACKGROUND**

On March 21, 2023, Defendant was charged by Indictment with six Counts:

Count 1:  Conspiracy to commit sex trafficking, in violation of 18 U.S.C § 1594(c);
Count 2:  Sex trafficking of a minor, in violation of 18 U.S.C § 1591;
Count 3:  Transporting a minor to engage in sexual activity, in violation of 18 U.S.C. § 2423(a);
Count 4:  Coercion and enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b);
Count 5:  Commission of a sex offense by a registered sex offender, in violation of 18 U.S.C. § 2260(A); and
Count 6:  Commission of a sex offense by a registered sex offender, in violation of 18 U.S.C. § 2260(A).

*See generally*, ECF No. [3]. Defendant proceeded to trial on all six Counts against him, and on March 8, 2024, the jury returned a verdict of guilty on each of Counts 1-6 as to Defendant.

ECF Nos. [169], [174]. Defendant was sentenced on August 23, 2024, to a term of 360 months of imprisonment. ECF Nos. [288], [291]. On September 5, 2024, Defendant filed both his Motion for Bond Pending Appeal, and a Notice of Appeal from the final judgment and sentence entered against him. ECF Nos. [298], [299].

On October 7, 2024, the Court entered an Order denying Defendant's Motion for Bond Pending Appeal ("Order"), ECF No. [322], explaining that Defendant failed to meet his burden to establish all factors provided in 18 U.S.C. § 3143(b). Thereafter, Defendant filed a "Re-newed Emergency Motion for Immediate Release on Bond Pending Appeal and Ineffective Assistance of (Trial) Counsel," ECF No. [329], which the Court denied for failing to comply with Local Rule 7.1(d)(1) and for providing no basis for reconsideration, ECF No. [330].

Defendant again seeks reconsideration of the Court's Order, contending that reconsideration is necessary to prevent manifest injustice because Defendant can prove his actual innocence claim. ECF No. [331]. The Government did not file a response.

## II. LEGAL STANDARD

### A. Motion for Reconsideration

"Although the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, both the [United States] Supreme Court and [the Eleventh Circuit] have permitted parties to file such motions in criminal cases." *Serrano v. United States*, 411 F. App'x 253, 254-55 (11th Cir. 2011); *United States v. Nunez*, 2020 WL 5569522, at *1 (M.D. Fla. Sept. 17, 2020). In ruling on a motion for reconsideration in a criminal case, federal courts apply civil standards and exercise substantial discretion. *See United States v. Sabooni*, 2014 WL 4385446, at *1 (S.D. Fla. Sept. 4, 2014).

> Federal Rules of Civil Procedure 59 and 60 govern motions for reconsideration. Rule 59(e) allows a court to amend or alter its judgment for 28 days. Fed. R. Civ. P. 59(e). "The only grounds for granting a Rule 59 motion are newly discovered

> evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted). Likewise, Rule 60 allows a court to relieve a party from an order for select reasons like "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). Under this framework, courts have interpreted three grounds for reconsidering an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Lamar Advertising of Mobile, Inc. v. City of Lakeland, Fla.*, 189 F.R.D. 480, 489 (M.D. Fla. 1999). These grounds show that motions for reconsideration cannot simply ask a court to reexamine an unfavorable ruling. *See Jacobs v. Tempur-Pedic Int'l., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Mannings v. Sch. Bd. of Hillsboro Cty., Fla.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993).

*Nunez*, 2020 WL 5569522, at *1.

Indeed, reconsideration is an "extraordinary remedy" that should be "employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). To warrant reconsideration, the movant "must demonstrate why the court should reconsider its prior decision and set forth facts and law of a strongly convincing nature to induce the court to reverse its prior decision. A motion for reconsideration should raise new issues, not merely address issues litigated previously." *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007) (citation omitted); *see also Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012) ("A motion for reconsideration cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment." (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007))).

### B. Release or Detention of a Defendant Pending Appeal

Sections 3143(b)(1) and (2) require this Court to release a defendant on bond pending appeal if four conditions are met:

(1) the defendant is not a flight risk or danger to the community;
(2) the appeal is not for the purpose of delay; and
(3) the appeal raises a substantial question of law or fact that
(4) is likely to result in reversal or a more favorable sentence.

3

*See* 18 U.S.C. § 3143(b).[1] A substantial question of law "is a 'close' question or one that very well could be decided the other way." *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985). The Eleventh Circuit has held that the 1984 Bail Act was enacted "so that the conviction is presumed correct and the burden is on the convicted defendant to overcome that presumption." *Id*. (citation omitted). The burden of establishing *all* factors within 18 U.S.C. § 3143(b) is on the convicted defendant. *Id*.

### III. DISCUSSION

Upon review, the Court finds no basis to warrant reconsideration of its prior ruling because Defendant has shown no "intervening change in controlling law, new evidence, or need to correct clear error or manifest injustice to warrant reconsideration." *Nunez*, 2020 WL 5569522, at *1. Defendant argues the Court should grant reconsideration because Defendant can "prove his 'actual innocence' claim and that his convictions [were] a 'fundamental miscarriage of justice.'" ECF No.

---

[1] The text of the statute states as follows:

(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
    (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
    (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
        (i) reversal,
        (ii) an order for a new trial,
        (iii) a sentence that does not include a term of imprisonment, or
        (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence. (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained.

18 U.S.C. § 3143(b).

[331] at 1. Specifically, Defendant argues that the Court erred in allowing the Government to introduce evidence on Defendant's cell phone relating to his intent and plan to recruit women for commercial sex. ECF No. [166] at 9. Defendant alleges such evidence violates his Fourth Amendment rights. ECF No. [331] at 1.

Defendant's conclusory statements that admitting the cell phone evidence violates his Fourth Amendment rights are insufficient to permit reconsideration, let alone to satisfy Defendant's burden under § 3143(b). "A 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." *Giancola*, 754 F.2d at 901. A defendant's failure to "establish that his appeal raises 'substantial' questions of law or fact that are 'likely' to result in one of the enumerated remedies under 18 U.S.C. § 3143" warrants denial. *United States v. Agresti*, 2022 WL 2966680, at *4 (S.D. Fla. July 27, 2022); *see also United States v. Summers*, 2022 WL 580726, at *1 (M.D. Fla. Feb 25, 2022) (finding denial of a motion for release on bond pending appeal is warranted as "[defendant] has failed to meet the substantial question requirement set forth in 18 U.S.C. § 3143(b)(1) and *Giancola*."). Defendant's general contention that the evidence on Defendant's cell phone was retrieved in violation of his Fourth Amendment rights is insufficient to warrant reconsideration of the Court's Order. The Court continues to find that Defendant has failed to meet his burden with respect to the "substantial question" requirement set forth in 18 U.S.C. § 3143(b).

IV. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Expedited Motion for Reconsideration for Release on Bond Pending Appeal, **ECF No. [331]**, is **DENIED**.

Case No. 23-cr-20122-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 2, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record